NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARLINA DELGADO, | : |
| | : |
| Plaintiff, | : Civil No. 03-4182 (AET) |
| | : |
| v. | : MEMORANDUM AND ORDER |
| | : |
| JO ANNE B. BARNHART, as Commissioner of Social Security, | : |
| | : |
| Defendant. | : |

**THOMPSON, U.S.D.J.**

This matter comes before the Court on Defendant's motion to set aside the award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The Court has decided this motion based upon the submissions of both parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, the Court denies Defendant's motion.

Federal Rule of Civil Procedure 60 gives litigants an avenue by which they may seek relief from a previously entered order or judgment. The rule provides in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The general purpose of the rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."

1

Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  The court has sound discretion in addressing a Rule 60 motion, and is reviewable on appeal under an abuse of discretion standard.  Id.  The Third Circuit has cautioned that "Rule 60(b) motions [are] 'extraordinary relief which should be granted only where extraordinary justifying circumstances are present.'"  Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (quoting Plisco v. Union R. Co., 379 F.2d 15, 16 (3d Cir. 1967)).  In the present case, the Court will not vacate its decision awarding attorney's fees because such extraordinary circumstances are not present.

  Defendant's counsel, Susan Reiss, argues that she did not receive proper service of the motion.  The Court finds this argument unpersuasive under the standard of Rule 60.  Electronic case filing became mandatory in this district on January 31, 2005.  Under Local Civil Rule 5.2, "[p]apers served and filed by electronic means in accordance with procedures promulgated by the Court are, for purposes of Federal Rule of Civil Procedure 5, served and filed in compliance with the local civil and criminal rules of the District of New Jersey."

  Plaintiff filed the motion for attorney's fees electronically on April 26, 2005.  In the certificate of service attached to the motion, Plaintiff's counsel, James Langton, indicated that he had served Ms. Reiss via electronic mail.  Service by electronic mail is permitted under this district's procedures if the sending attorney becomes aware that the Notice of Electronic Filing was not transmitted successfully to a party, and the receiving attorney is a registered electronic filer.  See Electronic Case Filing Policies and Procedures § 16 (Sept. 1, 2005).  Ms. Reiss indicates in her papers that she was registered to use the electronic filing system, but had not signed up for email notification for this case.  By registering, Ms. Reiss consented to service of all papers via the electronic filing system.  See id.  Because Ms. Reiss could not receive notice

through the system, Plaintiff could serve her by electronic mail.  Therefore, as Plaintiff complied with the requirements of this district's procedures regarding electronic filing, this Court does not find that the alleged difficulties with service warrant relief under Rule 60.

Because the Court does not vacate its decision to award attorney's fees to Plaintiff, Defendant's substantive arguments regarding the EAJA will not be considered.

For the reasons given above, and for good cause shown;

It is on this 16th day of November, 2005,

**ORDERED** that Defendant's motion to set aside the award of attorney's fees [8] is **DENIED.**

                                                          s/ Anne E. Thompson
                                                          _____
                                                          ANNE E. THOMPSON, U.S.D.J.